**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANET ORLANDO,    Plaintiff,   v.  CAROLINA CASUALTY INSURANCE COMPANY, MONITOR LIABILITY MANAGERS, INC., and DOES 1 through 20, inclusive,    Defendants. | CIV F 07-0092 AWI SMS  ORDER ON DEFENDANTS'S MOTION TO DISMISS AND MOTION TO STRIKE |

Plaintiff Janet Orlando ("Plaintiff" or "Orlando") filed suit in state court alleging two causes of action, breach of contract and fraud, against Defendants Carolina Casualty Insurance Company and Monitor Liability Mangers, Inc. (collectively "Defendants"). This suit arises from a settlement agreement between the parties following a jury verdict in state court. Defendants removed to this Court on the basis of diversity under 28 U.S.C. § 1441(b) and now move to dismiss the two causes of action and strike the request for punitive damages. For the reasons that follow, Defendants's motion to dismiss will be granted.

## BACKGROUND

From the complaint, Orlando filed suit in Fresno County in December 2004 against her former employer, Alarm One, for *inter alia* sexual harassment and battery. This case was consolidated with another case that dealt with similar allegations. The other plaintiffs from the

1  consolidated case settled their claims, but Orlando's case went to trial in April 2006.  A jury
2  found in favor of Orlando and awarded her $1.7 million.  Judgment was entered in May 2006.
3  Following the entry of judgment, the superior court awarded Orlando $200,000 in fees and costs.
4  Alarm One filed a notice of appeal, which remains pending.
5         Defendant Carolina Casualty ("Carolina") was and is the liability insurer of Alarm One.
6  Pursuant to a policy of insurance, Carolina defended Alarm One in state court and negotiated and
7  paid the settlements of the plaintiffs from the consolidated case.  Carolina retained Monitor
8  Liability Mangers ("Monitor") to administer and adjust the claims made by Orlando and the
9  consolidated plaintiffs.  Monitor is the agent of Carolina.
10        In July 2006, pending Alarm One's appeal, Orlando, Carolina, Monitor and Alarm One
11 entered into a contract to settle (the "Settlement Agreement")[1] Orlando's judgment and all claims
12 that Orlando had against Alarm One and Defendants.  Orlando agreed to settle all such claims
13 against Alarm One and Defendants for the sum of $1.4 million.[2]
14        On September 15, 2006, Defendants and Alarm One breached the terms of the Settlement
15 Agreement by stating that they would not pay the money owed to Orlando.  Following the breach
16 and refusal to pay, Defendants and Alarm One offered to settle with Orlando for a lesser amount
17 than what they had previously agreed to pay.  Defendants and Alarm One breached the
18 Settlement Agreement in order to negotiate a lesser settlement payment and in order to gain
19 leverage over Orlando in any further settlement negotiations.
20        Also, Orlando alleges that she was fraudulently induced by Alarm One and Defendants
21 into signing the Settlement Agreement by misrepresentations about the financial condition of
22 Alarm One.  Defendants and Alarm One, by and through their agents and attorneys, represented
23 that the ability of Alarm One to pay Orlando's judgment was much less than the true ability of
24 Alarm One to pay.  Further, Defendants and Alarm One committed a fraud upon Orlando by

---

[1] Orlando incorporated by reference and attached the Settlement Agreement as part of her complaint.

[2] The Settlement Agreement indicates that the $1.4 million figure is composed of a $1.2 million cash payment and a $200,000 note.

entering the Settlement Agreement without the intent to perform. Instead, Defendants and Alarm One entered the Settlement Agreement with the fraudulent intent to gain leverage over Orlando in future negotiations. Also, Defendants and Alarm One made material misrepresentations to Orlando by stating that they were under a legal obligation to obtain approval of an unnamed third party creditor to enter into the Settlement Agreement. After breaching the Settlement Agreement, Defendants and Alarm One offered to settle for a significantly lesser sum.

Defendants have filed a Rule 12(b)(6) motion to dismiss Orlando's only two causes of action. Defendants have also filed a Rule 12(f) motion to strike Orlando's request for punitive damages. Orlando has filed an opposition to these motions.[3] Defendants filed no timely reply.[4]

## GENERAL LEGAL FRAMEWORK

*Rule 8(a) – General Pleading*

Federal Rule of Civil Procedure 8(a) sets the pleading standard for claims for relief. "Under the liberal rules of pleading, a plaintiff need only provide a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Sagana v. Tenorio, 384 F.3d 731, 736 (9th Cir. 2004) (quoting Fed. R. Civ. P. 8(a)). This rule does "not require a claimant to set out in detail the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47 (1957). The pleadings need only give the opposing party fair notice of a claim and the claim's basis. Conley, 355 U.S. at 47; Sagana, 384 F.3d at 736; Fontana v. Haskin, 262 F.3d 871, 877 (9th Cir. 2001). 47). The pleadings are also to "be construed as to do substantial justice," and "no technical forms of pleading . . . are required." Fed. Rules Civ. Pro. 8(e)(1), 8(f); Sagana, 384 F.3d at 736; Fontana, 262 F.3d at 877. "Specific legal theories need not be pleaded so long as sufficient

---

[3] In opposition, Plaintiff submitted a declaration, which includes several exhibits. When a court considers extraneous matters in deciding a Rule 12(b)(6) motion, the motion is converted into one for summary judgment. See Fed. R. Civ. Pro. 12(b). Because the Court does not wish to convert the motion to dismiss into a motion for summary judgment at this time, the Court will not consider the declaration or exhibits thereto submitted by Plaintiff. See Swedberg v. Marotzke, 339 F.3d 1139, 1146 (9th Cir. 2003).

[4] Defendants filed a reply on February 28, 2007, but, given the March 5, 2007, hearing date, Defendants reply was due on or before February 26, 2007. See Local Rule 78-230(d). Because Defendants's reply is untimely, it will not be considered by the Court.

factual averments show that the claimant may be entitled to some relief." Fontana, 262 F.3d at 877; American Timber & Trading Co. v. First Nat'l Bank, 690 F.2d 781, 786 (9th Cir. 1982).

*Rule 12(b)(6) – Failure to State a Claim*

Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6)*.* This rule provides for dismissal of a claim if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Parks Sch. of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  Thus, the determinative question is whether there is any set of "facts that could be proved consistent with the allegations of the complaint" that would entitle plaintiff to some relief.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party.  Newman v. Sathyavaglswaran, 287 F.3d 786, 788 (9th Cir. 2002); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999).  The Court must also assume that general allegations embrace the necessary, specific facts to support the claim. Smith v. Pacific Prop. and Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004); Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994).  But, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Courts will not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Warren, 328 F.3d at 1139; Western Mining Council, 643 F.2d at 624.  Furthermore, Courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . .

laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited to reviewing only the complaint, but may review materials which are properly submitted as part of the complaint and may take judicial notice of public records outside the pleadings. See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986). A court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss. Broam v. Bogan, 320 F.3d 1023, 1026 (9th Cir. 2003); Schneider v. Cal. Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). In other words, leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

## DEFENDANTS'S MOTIONS

**1.    Motion to Dismiss Breach of Contract Claim**

*Defendants's Argument*

Defendants argue that the Settlement Agreement contains two conditions precedent: approval of a $200,000 note by lenders in favor of Plaintiff and necessary approval of the entire settlement by third parties. Unless these conditions occur, obligations under the settlement contract by Defendants do not arise. Here, the subordinated note and the entire agreement were dependent upon approval by Alarm One's lenders (who were the "necessary third parties"). Neither of those events occurred, which renders the entire Settlement Agreement unenforceable. Upon the failure of a condition precedent, a contract is terminated. Because neither events occurred, dismissal with prejudice of the breach of contract claim is appropriate.

*Plaintiff's Opposition*

Orlando argues that, if there is no third party that is required to give its consent before Alarm One could bind itself to the Settlement Agreement, then there is no condition precedent and the failure to perform is a breach of contract. Defendants have refused to identify, document, or substantiate their assertion that a third party must consent to the written settlement reached in July 2006. Where a condition precedent is illusory or does not exist, as Plaintiff has alleged, there is no impediment to enforcing the contract. Also, conditions precedent may be waived or excused and a person cannot take advantage of his own act to escape liability. Also, anticipatory repudiation excuses conditions precedent and allow for recovery for breach irrespective of the non-satisfaction of the condition precedent. Further, if fulfillment of a condition in a contract is impossible, that condition is void and the contract may be enforced. If there is no third party who is required to consent, it is impossible to obtain such consent and the contract may be enforced.

*Relevant Allegations*

The Complaint under the First Cause of Action (breach of contract) alleges in part:

> 10.   Plaintiff . . . has performed all her duties and obligations pursuant to the subject settlement agreement, except for those terms and conditions that she has been prevented from performing due to the conduct of Defendants and third party, Alarm One.
>
> 11.   On or about September 15, 2006, defendants . . . and Alarm One, breached the terms of the settlement agreement by stating that they would not pay the money owed to Orlando pursuant to the agreement. Following such breach and its refusal to pay, [Defendants] and Alarm One offered to settle with Plaintiff . . . for a lesser amount than what Defendants and Alarm One previously agreed to pay. Admittedly, Defendants and Alarm One breached the settlement agreement in order to gain leverage over [Plaintiff] on any further settlement negotiations.

Complaint at ¶¶ 10-11.

Also, attached to the complaint and incorporated into the complaint as Exhibit A is a copy of the Settlement Agreement. An incorporated attachment to the Settlement Agreement states in part, "Settlement subject to Alarm One obtaining necessary third party consents." Court's Docket Doc. No. 4 at p. 17, ¶ 9 (hereinafter "Paragraph 9"). The settlement attachment further includes the provision of a "$200,000 subordinated note (form and substance satisfactory to lenders) payable over 4 years in equal monthly installments. The note will accrue interest at 10%

per annum, to be paid monthly in arrears." Id. at p. 16, ¶ 2 (hereinafter "Paragraph 2").

*Legal Standard*

"Under the law of contracts, parties may expressly agree that a right or duty is conditional upon the occurrence or nonoccurrence of an act or event." Platt Pacific, Inc. v. Andelson, 6 Cal.4th 307, 313 (1993). A condition precedent is either an act of a party that must be performed or an uncertain event that must happen before the contractual right accrues or the contractual duty arises. Cal. Civ. Code § 1436; Platt Pacific, 6 Cal.4th at 313. Conditions precedent may be created either expressly or impliedly, see Minton v. Mitchell, 89 Cal.App. 361, 368 (1928); 1 Witkin: Summary of California Law § 777 (10th ed. 2005), but the rule is that "provisions of a contract will not be construed as conditions precedent in the absence of language plainly requiring such a construction." Rubin v. Fuchs, 1 Cal.3d 50, 53 (1969); Helzel v. Superior Court, 123 Cal. App.3d 652, 663 (1981). The term "subject to" is "generally construed to impose a condition precedent." Rubin, 1 Cal.3d at 54; Matthews v. Starritt, 252 Cal.App.2d 884, 887 (1967). "An express condition precedent to performance by a party cannot be construed as imposing a duty on that party to fulfill the condition, where . . . the language employed does not constitute an undertaking to do so." Britschgi v. McCall, 41 Cal.2d 138, 144 (1953); Edwards v. Billow, 31 Cal.2d 350, 361 (1948). If a condition precedent "is not fulfilled, the right to enforce the contract does not evolve." Kadner v. Shields, 20 Cal.App.3d 251, 258 (1971); see also Cal. Civ. Code § 1436; Bennett v. Carlen, 213 Cal.App.2d 307, 311 (1963). However, the "nonoccurrence of a condition precedent may be excused for a number of legally recognized reasons." Platt Pacific, 6 Cal.4th at 314. Performance of a condition precedent may be excused *inter alia* when the condition is waived, performance of the condition is unlawful or impossible, or the other party prevents or makes impossible the performance of the condition. See Cal. Civ. Code § 1441; Jacobs v. Tenneco West, Inc., 186 Cal.App.3d 1413, 1418 (1986); Sosin v. Richardson, 210 Cal.App.2d 258, 264 (1962); BAJI California Jury Instructions – Civil § 10.81 (Fall 2006 ed.). "Where contractual liability depends upon the satisfaction or performance of one or more conditions precedent, the allegation of such satisfaction or performance is an essential

7

part of the cause of action." Careau & Co. v. Sec. Pac. Bus. Credit, 222 Cal.App.3d 1371, 1389 (1990); see Gordon Bldg. Corp. v. Gibraltar Sav. & Loan Asso., 247 Cal.App.2d 1, 5 (1966); Sosin, 210 Cal.App.2d at 264. The failure to allege the satisfaction, waiver or excuse of a condition precedent amounts to a failure to state a claim for relief. See Arbor Acres Farm v. Gre Ins. Group, 2002 U.S. Dist. LEXIS 1131, *9 (E.D. Cal. 2002); San Chirico v. Merrill Lynch, Pierce, Fenner & Smith, 1999 U.S. Dist. LEXIS 20180, *4 (N.D. Cal. 1999); Careau & Co., 222 Cal.App.3d at 1389-91; Gordon Bldg., 247 Cal.App.2d at 6; Sosin, 210 Cal.App.2d at 264; McNulty v. New Richmond Land Co., 44 Cal.App. 744, 747 (1919).

*Discussion*

Defendants characterize Paragraph 2 and Paragraph 9 of the Settlement Agreement as creating conditions precedents. Orlando does not expressly challenge that these paragraphs create condition precedents. Further, Orlando's opposition focuses exclusively on Paragraph 9 and there is no discussion of Paragraph 2. Given the apparent lack of disagreement by the parties, and that the term "subject to" generally creates conditions precedent, for purposes of the pending motion the Court accepts Defendants's characterization of Paragraph 2 and Paragraph 9 as creating conditions precedent to the enforcement of the Settlement Agreement.[5] Cf. Rubin, 1 Cal.3d at 54.

Here, Orlando essentially argues that the condition precedent of Paragraph 9 is void because there is no third party whose consent is necessary. In other words, the condition precedent should be excused either due to improper conduct by Defendants or impossibility due to the non-existence of such a third party. Also, by implication Orlando seems to argue that Defendants have anticipatorily breached the Settlement Agreement.[6] However, facts raised by counsel for the first time in opposition papers cannot overcome the factual deficiencies of a

---

[5] The Court notes, however, that Paragraph 2 does not use the term "subject to."

[6] Orlando's opposition cites cases that indicate that performance of a condition precedent may be excused due to anticipatory breach, but does not apply the law to her first cause of action. It is true that an anticipatory breach permits a party to recover damages immediately for a total breach of contract without performing or offering to perform any conditions precedent under the contract. County of Solano v. Vallejo Redevelopment Agency, 75 Cal.App.4th 1262, 1276 (1999). However, Orlando did not allege anticipatory breach in her complaint.

8

complaint. See Broam, 320 F.3d at 1026. Orlando has averred that she has performed all conditions precedent required of her, except for those conditions that Defendants and Alarm One prevented her from performing. Complaint at ¶ 10. Orlando does not aver that all conditions precedent necessary for her to recover under the Settlement Agreement have occurred or that Defendants or Alarm One have performed applicable conditions precedent. Cf. Careau & Co., 222 Cal.App.3d at 1389-91. The condition precedent of Paragraph 9 is not aimed at Orlando. Instead, the onus of Paragraph 9 is on Alarm One to obtain consent/approval from third parties. As the Court understands the Settlement Agreement at this point, without the third party consent/approval, the duties to release claims and pay money do not arise. Thus, Orlando's ability to collect the $1.4 million is dependent upon Alarm One, not Orlando, obtaining third party consents/approvals. There is no express allegation that the condition precedent of Paragraph 9 has been satisfied, waived, or excused. Further, Paragraph 2 states that the form and substance of a $200,000 note is to be approved by lenders. Paragraph 2 suggests that Alarm One is responsible for fulfilling that condition as well because the note is to be in favor of Orlando. Since Orlando has not addressed, discussed, or mentioned Paragraph 2 in her complaint or opposition, and Orlando does not appear to be the party responsible for obtaining the lender's approval of the note as to form and substance, there is nothing to indicate that Paragraph 2 has been satisfied, waived, or excused.

In short, the Settlement Agreement contains conditions precedent, but Orlando does not allege that the conditions precedent have been performed or that they have been waived or excused. Since Orlando has not alleged that conditions precedent necessary for her to recover have been performed, waived, or excused, she has failed to state a claim for breach of contract. Arbor Acres Farm, 2002 U.S. Dist. LEXIS 1131 at *9; San Chirico, 1999 U.S. Dist. LEXIS 20180 at *4; Careau & Co., 222 Cal.App.3d at 1389-91; Gordon Bldg., 247 Cal.App.2d at 6; Sosin, 210 Cal.App.2d at 264; McNulty, 44 Cal.App. at 747. However, Defendants's request for dismissal with prejudice is inappropriate. There are many legally recognized reasons for excusing the nonoccurrence of a condition precedent, and the mere presence of an unfulfilled

9

condition precedent in a contract is not necessarily fatal to a breach of contract claim.  See Platt Pacific, 6 Cal.4th at 313.  Because it is not clear at this point that amendment would be futile, the dismissal will be without prejudice.[7]  See Gompper, 298 F.3d at 898; Lopez, 203 F.3d at 112.

**2.     Motion to Dismiss Fraud Claim**

*Defendants's Argument*

Defendants argue that a claim of fraud must be pled with particularity, and that vague and conclusory allegations are insufficient.  The complaint fails to allege the particulars to support a cause of action for fraud because Orlando fails to identify the who, what, where and when of the alleged fraudulent misrepresentations.  Orlando fails to identify a specific individual who made a misrepresentation, but instead relies on a general allegation of "agents and attorneys," and further fails to identify when misrepresentations occurred, what was specifically communicated, where the communications took place, and how the representations were false.  Orlando's allegations are too vague to meet the applicable pleading standard.

*Plaintiff's Opposition*

Orlando states that her complaint outlined the acts committed and, that at the time the promises were made by Defendants, they had no intention of performing.  The essence of fraud is the existence of an intent at the time of a promise to not to perform.   A representation that falsely indicates an intent to perform is a misrepresentation of fact which supports fraud, just as alleged in the complaint.  The complaint alleges Defendants and Alarm One entered into the settlement agreement without the intent to perform.  See Complaint at ¶¶ 15-17.  If Defendants had no intention of performing, or knew that there was no third party that was legally required to consent to Alarm One's entrance into the settlement agreement or misrepresented the financial condition of Alarm One, then Defendants are guilty of fraud.

*Relevant Allegations in the Complaint*

The Complaint alleges in part:

---

[7]Any amended complaint should allege how the conditions precedent have been excused or waived.

14.   Defendants, Carolina and Monitor and third party Alarm One by and through their agents and attorneys, fraudulently induced Plaintiffs to enter into the aforementioned settlement agreement . . . by, among other things, misrepresenting the financial condition of Alarm One.  In inducing Plaintiff to agree to enter into the settlement agreement as set forth herein and thereby agreeing to accept an amount much less than the aforementioned Judgment, Defendants and Alarm One . . . represented that the ability of Alarm One to pay the Judgment was much less than the true ability of Alarm One to pay the Judgment.  This was a material misrepresentation of fact which was made by Defendants in order to induce Plaintiff to enter into the settlement agreement as set forth herein.  Orlando relied on these misrepresentations in agreeing to the settlement agreement and at the time the misrepresentations were made, Orlando did not know them to be false.  Such reliance by Orlando on the material misrepresentations made by Defendants resulted in damage and injury to Orlando.  At the time that Defendants, by and through their agents and attorneys, made such material misrepresentations, they knew such representations to be false or had no reasonable basis to believe them to be true.

15.   Defendants, Carolina and Monitor and Alarm One also committed a fraud upon Plaintiff by entering into the aforementioned settlement agreement without the intent to perform the terms of the settlement agreement.  At the time Defendants and Alarm One entered into the aforementioned settlement agreement, they had no intention of performing the terms of the settlement agreement.

16.   Defendants entered into the settlement agreement not with the intent of performing the terms of the settlement agreement but with the fraudulent intent to gain leverage over Orlando in future settlement negotiations.  Furthermore, Defendants Monitor, Carolina Casualty, and Alarm One . . . made material misrepresentations to Orlando by stating that they were under a legal obligation to obtain the approval of an unnamed third party creditor to enter into the settlement agreement.  Such statement was a material misrepresentation because Defendants and Alarm One were allowed to enter into the settlement agreement without the approval of such unnamed third party creditor.

17.   Following the Defendants breach of the settlement agreement by refusing to abide by its terms, Defendants . . . offered Orlando a settlement that twas significantly less than the settlement set forth in the Exhibit "A", evidencing the fact that at the time Defendants entered into the settlement agreement, they did so without the intent to honor the settlement agreement and with the fraudulent intent of gaining negotiating leverage in order to induce Plaintiff to accept a lesser settlement amount later.

Complaint at ¶¶ 14-17.

*Legal Standard*

Under California law, the elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage.  Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal.4th 979, 990 (2004); Lazar v. Superior Court, 12

Cal.4th 631, 638 (1996). Promissory fraud is a subspecies of fraud and deceit and where a promise is made without the intention to perform, there is an implied misrepresentation of fact that may be actionable fraud. Lazar, 12 Cal.4th at 638; see also Cal. Civ. Code 1710(4). "An action for promissory fraud may lie where a defendant fraudulently induces the plaintiff to enter into a contract." Lazar, 12 Cal.4th at 638.

Federal Rule of Civil Procedure 9(b) requires that, when averments of fraud are made, the circumstances constituting the alleged fraud must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Fed. R. Civ. Pro. 9(b); Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001). In diversity cases, although the substantive elements of fraud are set by state law, those elements must be pled in accordance with the requirements of Rule 9(b). See Vess, 317 F.3d at 1103. Further, the Ninth Circuit has explained:

> A motion to dismiss a complaint or claim 'grounded in fraud' under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim. . . . Because a dismissal of a complaint or claim grounded in fraud for failure to comply with Rule 9(b) has the same consequence as a dismissal under Rule 12(b)(6), dismissals under the two rules are treated in the same manner.

Id. at 1107-08.

"To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee, 236 F.3d at 1019; Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993). Thus, allegations of fraud should specifically include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007); Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004); see also Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997) (allegations must identify "the who, what, when, where, and how" of the fraud). "[A] plaintiff must set forth more than the neutral facts necessary to identify the

transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." Vess, 317 F.3d at 1106; In re Glenfed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Although a plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim, the claim will be considered to be grounded in fraud and the pleading of that claim as a whole must satisfy Rule 9(b). In re Daou Sys., 411 F.3d 1106, 1127 (9th Cir. 2005); Vess, 317 F.3d at 1103-04. Also, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." Swartz, 476 F.3d at 764-65. In a fraud suit involving multiple defendants, "a plaintiff must, at a minimum, identif[y] the role of [each] defendant[] in the alleged fraudulent scheme." Id.; Moore v. Kayport Package Express, Inc., 885 F.2d 531, 541 (9th Cir. 1989).

*Discussion*

The basis for Defendants's requested dismissal of the fraud claim is that Orlando has not adequately alleged the specifics of the fraud as required by Rule 9(b). The Court agrees that the requirements of Rule 9(b) have not been met. First, Defendants and third party Alarm One are essentially lumped together as one and there is insufficient differentiation between Defendants. Orlando has not sufficiently identified how each defendant participated in the alleged fraud. See Swartz, 476 F.3d at 764-65; Moore, 885 F.2d at 541. Second, Orlando has not identified who actually made the fraudulent representations. Because corporations speak through agents, allegations that a corporation or its "agents" committed fraud or made misrepresentations are generally insufficient, and the specific identity of the agent must be alleged for purposes of Rule 9(b). See Arena v. Wal-Mart Stores, Inc., 221 F.R.D. 569, 572 (D. Kan. 2004); Kriendler v. Chem. Waste Mgmt., Inc., 877 F.Supp. 1140, 1155 (N.D. Ill. 1995); Strange v. Nationwide Mut. Ins. Co., 867 F.Supp. 1209, 1220 (E.D. Pa. 1994). The only identification about who communicated the alleged misrepresentations are "agents and attorneys" of Defendants. At this point, there is no obvious impediment to Orlando specifically identifying or "naming" the

individuals who actually made the misrepresentations.  See Arena, 221 F.R.D. at 572.  Third, Orlando does not allege when the misrepresentations occurred.  See Edwards, 356 F.3d at 1066; Cooper, 137 F.3d at 627.  Fourth, the Settlement Agreement indicates that the parties had been in mediation with Jerry Spolter, but it is not clear if the misrepresentations occurred prior to, during the course of, or after the mediation.  In other words, the complaint does not identify when the misrepresentations were made.  See Edwards, 356 F.3d at 1066; Cooper, 137 F.3d at 627.  Finally, the "what" of the misrepresentations are not entirely clear.  Orlando's allegation regarding Alarm One's financial condition at paragraph 14 of the complaint is unnecessarily vague.  Further, Orlando's allegation regarding consent at paragraph 16 is unclear.  It appears that non-existence of third party creditors may be attempted to be alleged, but the paragraph seems to read that there was a misrepresentation because Defendants and Alarm One were allowed to enter into the Settlement Agreement without the permission of third parties.  Given the other shortcomings of the fraud complaint, Orlando should clarify these allegations.  However, Orlando's allegation that Defendants had no intent to perform their promises can reasonably be read as meaning Defendants had no intention of paying the agreed settlement amount, i.e. their promise to pay was false.  To the extent this is what Orlando is alleging in paragraph 15 of her complaint, the "what" of this paragraph is sufficiently identified.[8]  Otherwise, the remaining misrepresentations should be clarified.  See Edwards, 356 F.3d at 1066; Cooper, 137 F.3d at 627.  Because it is not clear at this point whether amendment to allow compliance with Rule 9(b) would be futile, dismissal will be without prejudice.[9]  See Gompper, 298 F.3d at 898; Lopez, 203

---

[8] If Orlando intends to include conduct other than simply not intending to pay in Paragraph 15 of her complaint, then Paragraph 15 does not sufficiently identify the "what" of the misrepresentation.

[9] Defendants also argue that Orlando cannot introduce evidence of settlement-related communications under Federal Rule of Evidence 408 and California Rules of Evidence 1119 and 1152(a).  The argument is poorly developed (there is not a single case cited by Defendants) and it is not clear to the Court why the point is being argued in this motion.  However, the case law and language of Rule 408 and State Rule 1152(a) suggest that admission of settlement related communications is permissible to prove something other than liability or damages, and that the rules do not apply to claims that are not the subjects of the negotiations.  See Uforma/Shelby Business Forms, Inc. v. N.L.R.B., 111 F.3d 1284, 1293-94 (6th Cir. 1997); Broadcort Capital Corp. v. Summa Medical Corp., 972 F.2d 1183, 1194 (10th Cir. 1992); Vulcan Hart Corp. v. NLRB, 718 F.2d 269, 277 (8th Cir. 1983); Matsuura v. E.I. du Pont de Nemours & Co., 2006 U.S. Dist. LEXIS 68909, *10-*12 (D. Haw. 2006); Carolina Indus. Prods. v. Learjet Inc., 168 F.Supp.2d 1225, 1228-29 (D. Kan. 2001); Warner Constr. Corp. v. Los Angeles, 2 Cal.3d 285, 296

F.3d at 112.

**3.      Motion To Strike**

*Discussion*

Punitive damages are not available for even willful breaches of contract, but punitive damages are available where a defendant fraudulently induces a plaintiff to enter into a contract. See Reynolds v. Allstate Life Ins. Co., 2006 U.S. Dist. LEXIS 14548, *16 (E.D. Cal. 2006); Cates Construction, Inc. v Talbot Partners, 21 Cal.4th 28, 61 (1999); Walker v. Signal Companies, Inc., 84 Cal.App.3d 982, 996 (1978); see also Cal. Civ. Code § 3294(a) (". . . where it is proven by clear and convincing evidence that the defendant has been guilty of . . . fraud . . . the plaintiff . . . may recover damages for the sake of example and by way of punishing the defendant."). Thus, Orlando's request for punitive damages rests on the sufficiency of her fraud allegations.[10] As discussed above, the Court has determined that Orlando's fraud allegations do not meet the requirements of Rule 9(b).[11] Because Orlando's fraud allegations are insufficient, Orlando's request for punitive damages are also insufficient. However, since the Court has

---

(1970); Caira v. Offner, 126 Cal.App.4th 12, 36 (2005); Fieldson Associates, Inc. v. Whitecliff Laboratories, Inc., 276 Cal.App.2d 770, 772 (1969). With respect to State Rule 1119, often called the "mediation privilege," e.g. In re Marriage of Kieturakis, 138 Cal.App.4th 56, 85-86 (2006), since this is a diversity case that contains only allegations of California law, Federal Rule of Evidence 501 may well provide for the application of State Rule 1119 in this case. See Fed. R. Evid. 501; Star Editorial v. United States Dist. Court, 7 F.3d 856, 859 (9th Cir. 1993); Liew v. Breen, 640 F.2d 1046, 1049 (9th Cir. 1981). Nevertheless, given the current state of argumentation on this issue, the Court will not rule on either the application or effect of Rule 1119 in this case at this time.

[10]This is also consistent with the allegations in at paragraph 21 of Orlando's complaint:

The misrepresentations and fraud as set forth herein committed by [Defendants] were done with the intent to cause injury and harm to Plaintiff. Defendants committed such fraud in order to impede and prevent Plaintiff's ability and right to recover the Judgment as set forth herein. As a result, exemplary damages should be assess against Defendants in order to make an example of and punish the Defendants and to deter such future conduct.

[11]Defendants rely on state cases in which a complaint's allegations were held to not support punitive damages. In assessing the sufficiency of state law claims, federal courts apply federal law pleading standards, although the standard for dismissal in state court is highly relevant. See Church of Scientology of Cal. v. Flynn, 744 F.2d 694, 696 n.2 (9th Cir. 1984); Jacobson v. Schwarzenegger, 357 F.Supp. 2d 1198, 1216 (C. D. Cal. 2004).

granted Defendants's motion to dismiss Orlando's claims, the motion to strike is now moot.[12]

## CONCLUSION

Defendants move to strike Orlando's request for punitive damages and to dismiss Orlando's two causes of action for breach of contract and fraud. With respect to Orlando's breach of contract claim, the Settlement Agreement indicates that there are conditions precedent. To recover for breach of contract, performance/satisfaction of conditions precedent must be alleged. Orlando has not alleged either satisfaction, waiver, or excuse of conditions precedent and thus, has failed to state a claim. Because it is not clear that amendment would be futile, dismissal of this claim is without prejudice.

With respect to Orlando's fraud claim, the federal rules of civil procedure require that fraud claims be pled with particularity. Stated differently, a plaintiff claiming fraud must allege the "who, what, when, and where" of the fraud. Orlando has not identified who made fraudulent representations, when the representations were made, where the fraudulent statements were made, has not adequately identified the substance or the "what" for at least two of the misrepresentations, and has not adequately identified each defendant's particular participation or role in the fraud. Orlando has failed to meet Rule 9(b)'s particularity requirements. Because it is not clear that amendment would be futile, the dismissal will be without prejudice.

Finally, Orlando's claim for punitive damages is based on her fraud claim. Since the Court has dismissed both of Orlando's causes of action, which includes the fraud claim, the punitive damages claim is also *de facto* dismissed. Defendants's motion to strike is now moot.

---

[12]The Court notes that, despite the title of the motion, Defendants do not challenge the availability of punitive damages, rather they challenge the sufficiency of the allegations to support punitive damages. See Court's Docket Document No. 13 at p. 6. The proper medium for challenging the sufficiency of factual allegations in a complaint is through Rule 12(b)(6), not Rule 12(f). Parker v. Fid. Sec. Life Ins. Co., 2006 U.S. Dist. LEXIS 56724, *17 (E.D. Cal. 2006); Paul v. Gomez, 190 F.R.D. 402, 404 (W. D. Va. 2000); Outen v. Baltimore County, 177 F.R.D. 346, 348 (D. Md. 1999); Arenson v. Whitehall Convalescent & Nursing Home, Inc., 880 F.Supp. 1202, 1214 (N.D. Ill. 1995).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants's Rule 12(b)(6) motion to dismiss is GRANTED and Plaintiff's complaint is DISMISSED without prejudice;
2. Defendants's Rule 12(f) motion to strike is DENIED as moot; and
3. Plaintiff may file an amended complaint within twenty-one (21) days of service of this order.

IT IS SO ORDERED.

**Dated:** **March 13, 2007**          /s/ Anthony W. Ishii
0m8i78                                  UNITED STATES DISTRICT JUDGE