**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JANET ORLANDO,**<br><br>**Plaintiff,**<br>**v.**<br><br>**CAROLINA CASUALTY INSURANCE COMPANY, MONITOR LIABILITY MANAGERS, INC., and DOES 1 through 20, inclusive,**<br><br>**Defendants.** | **CIV F 07-0092 AWI SMS**<br><br>**ORDER ON DEFENDANTS'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

This case arises from a settlement agreement between the parties following a jury verdict in state court. Plaintiff Janet Orlando ("Plaintiff" or "Orlando") filed suit in state court alleging breach of contract and fraud against Defendants Monitor Liability Mangers, Inc. ("Monitor") and Carolina Casualty Insurance Company ("Carolina"). Carolina and Monitor ("Defendants") removed to this Court on the basis of diversity. The Court granted Defendants's prior Rule 12(b)(6) motion with leave to amend. Orlando filed a First Amended Complaint ("FAC") and Defendants now move to dismiss. The motion to dismiss will be denied.

**BACKGROUND**

From the FAC, Orlando filed suit in Fresno County in December 2004 against her former employer, Alarm One, for *inter alia* sexual harassment and battery. A jury found in favor of Orlando and awarded her $1.7 million. Judgment was entered in May 2006. Following the entry

of judgment, the superior court awarded Orlando $200,000 in fees and costs. Carolina became indebted to Alarm One for the amount of the judgment. Alarm One filed a notice of appeal, which remains pending.

Carolina was and is the liability insurer of Alarm One. Pursuant to a policy of insurance, Carolina defended Alarm One in state court and negotiated and paid settlements to persons whose case was consolidated with Orlando. Carolina retained Monitor to administer and adjust the claims made by Orlando and the consolidated plaintiffs. Monitor is the agent of Carolina.

In July 2006, pending Alarm One's appeal, Orlando, Carolina, Monitor and Alarm One entered into a contract to settle (the "Settlement")[1] Orlando's judgment and all claims that Orlando had against Alarm One and Defendants following mediation. Orlando agreed to settle all such claims against Alarm One and Defendants for the sum of $1.4 million.[2] The Settlement, through an attachment, states in part, "Settlement subject to Alarm One obtaining necessary third party consents." Alarm One and Carolina represented to the other parties that Alarm One could not legally enter into the Settlement without consent of Alarm One's third party creditor. Alarm One and Carolina represented that they would make a good faith attempt to procure that consent. However, there is no third party creditor or lender that is required to consent to the Settlement, and, if such a lender does in fact exist, neither Carolina, Monitor, nor Alarm One have attempted to obtain that consent in good faith.

On September 15, 2006, Defendants and Alarm One breached the terms of the Settlement by stating that they would not pay the $1.4 million. Defendants stated that consent from the unidentified third party could not be obtained. Following the breach and refusal to pay, Defendants and Alarm One offered to settle with Orlando for a lesser amount than what they had previously agreed to pay. Defendants and Alarm One breached the Settlement in order to negotiate a lesser settlement payment and in order to gain leverage over Orlando in any further settlement negotiations.

---

[1] Orlando incorporated by reference and attached the Settlement in her complaint.

[2] As per the Settlement, the $1.4 million is composed of a $1.2 million cash payment and a $200,000 note.

Orlando alleges that she was fraudulently induced by Alarm One and Defendants into signing the Settlement by misrepresentations about the financial condition of Alarm One, that is, that Alarm One's ability to pay the judgment was much less than its true ability. Further, Defendants and Alarm One committed a fraud by entering the Settlement without the intent to perform and entered the Settlement with the fraudulent intent to gain leverage over Orlando in future negotiations. Defendants and Alarm One also made material misrepresentations that they were under a legal obligation to obtain approval of an unnamed third party creditor prior to entering into the Settlement.

## GENERAL LEGAL FRAMEWORK

*Rule 8(a) – General Pleading*

Federal Rule of Civil Procedure 8(a) sets the pleading standard for claims for relief. "Under the liberal rules of pleading, a plaintiff need only provide a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Sagana v. Tenorio, 384 F.3d 731, 736 (9th Cir. 2004) (quoting Fed. R. Civ. P. 8(a)). This rule does "not require a claimant to set out in detail the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47 (1957). The pleadings need only give the opposing party fair notice of a claim and the claim's basis. Conley, 355 U.S. at 47; Sagana, 384 F.3d at 736; Fontana v. Haskin, 262 F.3d 871, 877 (9th Cir. 2001). 47). The pleadings are also to "be construed as to do substantial justice," and "no technical forms of pleading . . . are required." Fed. Rules Civ. Pro. 8(e)(1), 8(f); Sagana, 384 F.3d at 736; Fontana, 262 F.3d at 877. "Specific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief." Fontana, 262 F.3d at 877; American Timber & Trading Co. v. First Nat'l Bank, 690 F.2d 781, 786 (9th Cir. 1982).

*Rule 12(b)(6) – Failure to State a Claim*

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This rule provides for dismissal of a claim if, as a matter of law, "it is clear that no relief could be

granted under any set of facts that could be proved consistent with the allegations." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Parks Sch. of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Thus, the determinative question is whether there is any set of "facts that could be proved consistent with the allegations of the complaint" that would entitle plaintiff to some relief. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Newman v. Sathyavaglswaran, 287 F.3d 786, 788 (9th Cir. 2002); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999). The Court must also assume that general allegations embrace the necessary, specific facts to support the claim. Smith v. Pacific Prop. and Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004); Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994). But, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Courts will not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Warren, 328 F.3d at 1139; Western Mining Council, 643 F.2d at 624. Furthermore, Courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited to reviewing only the complaint, but may review materials which are properly submitted as part of the complaint and may take judicial notice of public records outside the pleadings. See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d

1476, 1479 (9th Cir. 1996); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). In other words, leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

## DEFENDANTS'S MOTIONS[3]

### 1. Motion to Dismiss Breach of Contract Claim

*Defendants's Argument*

Defendants argue that the Settlement contains two conditions precedent: approval of a $200,000 note by lenders in favor of Plaintiff and necessary approval of the entire Settlement by third parties. Unless these conditions occur, obligations under the Settlement by Defendants do not arise. To succeed on her claim, Plaintiff must allege that Alarm One obtained necessary third party consents and that Alarm One's lenders approved the form and substance of the subordinated note. Plaintiff has failed to make these allegations, and Plaintiff cannot make those allegations because these events never occurred, which renders the entire Settlement unenforceable. Upon the failure of a condition precedent, a contract is terminated.[4]

Plaintiff alleges that the conditions have been waived because there were in fact no necessary third party creditors. If there were no necessary third party creditors, there can be no

---

[3] In opposition, Plaintiff submitted a declaration from her counsel, and Defendants filed a reply declaration. When a court considers extraneous matters in deciding a Rule 12(b)(6) motion, the motion is converted into one for summary judgment. See Fed. R. Civ. Pro. 12(b). Because the Court does not wish to convert the motion to dismiss into a motion for summary judgment at this time, the Court will not consider the declarations or exhibits thereto submitted. See Swedberg v. Marotzke, 339 F.3d 1139, 1146 (9th Cir. 2003).

[4] Defendants on several occasions, including their prior motion to dismiss, attribute the quote, "Upon the failure of a condition precedent, the contract is terminated," to *Beverly Way Assocs. v. Barham*, 226 Cal.App.3d 49, 55 (1990). However, the appropriate language in *Beverly Way* is that court's parenthetical characterization of a separate case. The parenthetical actually reads, "effect of failure of condition that buyer obtain financing was termination of contract, even though contract did not include language that specifically so provided." Beverly Way, 226 Cal.App.3d at 55. The quotation, "Upon the failure of a condition precedent, the contract is terminated," never appears in *Beverly Way*. The Court expects Defendants to be more accurate in their future briefing.

waiver of that non-existent condition. If this condition is essentially a fallacy, then there was no true meeting of the minds and the Settlement is illusory and unenforceable.

Plaintiff also alleges that the condition precedent is impossible because there is no necessary lender. However, under California Civil Code § 1441, a condition in a contract which is impossible to fulfill renders the agreement void. Plaintiff seeks to dispose of the condition precedent based on impossibility, yet at the same time seeks to enforce the contract to suit her own interests. Her position is nonsensical and inconsistent.

*Plaintiff's Opposition*

Orlando argues that reliance on Civil Code § 1441 is improper because that provision voids only the impossible or unlawful condition precedent, not the contract as a whole. Further, the nonoccurrence of a condition precedent is not necessarily fatal. The FAC alleges that the conditions precedent are impossible and illusory because no third party exists whose consent is legally necessary. Additionally, if such a party exists, the conditions precedent have been waived or excused due to the bad faith failure to try to obtain the consent. Where a condition precedent is excused there is no impediment to enforcing the contract. The FAC has alleged exceptions that excuse the failure of conditions precedent.

*Relevant Allegations*

The FAC under the First Cause of Action (breach of contract) alleges in part:

> 13. Plaintiff . . . has performed all her duties and obligations pursuant to the subject settlement agreement, except for those terms and conditions that she has been prevented from performing due to the conduct of Defendants and third party, Alarm One.
>
> 14. Plaintiff is informed and believes that there is no third party creditor or lender that is required to consent to the settlement contract, neither Carolina nor Monitor nor Alarm One have in good faith attempted to secure the consent of any unidentified third party and in fact refuse to attempt in good faith to secure the consent of such third party to the settlement agreement and to the $200,00 subordinated note.
>
> 15. Plaintiff is informed and believes . . . that there is no third party from whom Alarm One must obtain consent with respect to any aspect of the Settlement Agreement or its enforceability, and as such, if paragraph 9 of Attachment A is interpreted to require that a condition precedent to the viability of the Settlement Agreement exists, that said condition has been waived or excused since there is no third party creditor that is required to consent to the settlement agreement.

> 16. Plaintiff is informed and believes . . . that there is no third party from whom consent to enter into the Settlement Agreement must be obtained and there is no "lender" who must approve the settlement agreement for the contract to be effective. As such, it is impossible for said consent to be obtained and therefore, the settlement contract is immediately enforceable.
>
> 17. On or about September 15, 2006, defendants . . . and Alarm One, stated that they would not perform the essential terms of the settlement contract claiming that consent from the unidentified "third party" could not be obtained, even though they did not have a good faith belief that there was any third party that was required to consent to the settlement agreement and that he never made a good faith effort to obtain such required third party consent, if in fact, such required consent existed.
>
> 18. On or about September 15, 2006, defendants Carolina and Monitor, and Alarm One, breached the terms of the Settlement Agreement, by stating that they would not pay the money owed to Orlando pursuant to the agreement.

FAC at ¶¶ 13-18.

Also, attached and incorporated into the FAC as Exhibit A is a copy of the Settlement. An incorporated attachment to the Settlement states in part, "Settlement subject to Alarm One obtaining necessary third party consents." Court's Docket Doc. No. 4 at p. 17, ¶ 9 (hereinafter "Paragraph 9"). The Settlement attachment further includes the provision of a "$200,000 subordinated note (form and substance satisfactory to lenders) payable over 4 years in equal monthly installments. The note will accrue interest at 10% per annum, to be paid monthly in arrears." Id. at p. 16, ¶ 2 (hereinafter "Paragraph 2").

*Legal Standard*

"Under the law of contracts, parties may expressly agree that a right or duty is conditional upon the occurrence or nonoccurrence of an act or event." Platt Pacific, Inc. v. Andelson, 6 Cal.4th 307, 313 (1993). A condition precedent is either an act of a party that must be performed or an uncertain event that must happen before the contractual right accrues or the contractual duty arises. Cal. Civ. Code § 1436; Platt Pacific, 6 Cal.4th at 313. Generally, if a condition precedent "is not fulfilled, the right to enforce the contract does not evolve." Kadner v. Shields, 20 Cal.App.3d 251, 258 (1971); see also Cal. Civ. Code § 1436; Bennett v. Carlen, 213 Cal.App.2d 307, 311 (1963). "Performance of a duty subject to a condition cannot become due unless the condition occurs or its non-occurrence is excused." R.J. Kuhl Corp. v. Sullivan, 13 Cal.App.4th 1589, 1601 (1993). The "nonoccurrence of a condition precedent may be excused for a number

of legally recognized reasons." Platt Pacific, 6 Cal.4th at 314. Performance of a condition precedent may be excused *inter alia* when the condition is waived, performance of the condition is unlawful or impossible, or the other party prevents or makes impossible the performance of the condition. See Cal. Civ. Code § 1441; Jacobs v. Tenneco West, Inc., 186 Cal.App.3d 1413, 1418 (1986); Sosin v. Richardson, 210 Cal.App.2d 258, 264 (1962); BAJI California Jury Instructions – Civil § 10.81 (Spring 2007 ed.). "The nonoccurrence of a condition may be excused by prevention or hinderance of its occurrence through a breach of the duty of good faith and fair dealing." R.J. Kuhl, 13 Cal.App.4th at 1601. "Where contractual liability depends upon the satisfaction or performance of one or more conditions precedent, the allegation of such satisfaction or performance is an essential part of the cause of action." Careau & Co. v. Sec. Pac. Bus. Credit, 222 Cal.App.3d 1371, 1389 (1990); see Gordon Bldg. Corp. v. Gibraltar Sav. & Loan Asso., 247 Cal.App.2d 1, 5 (1966); Sosin, 210 Cal.App.2d at 264. The failure to allege the satisfaction, waiver or excuse of a condition precedent amounts to a failure to state a claim for relief. See Arbor Acres Farm v. Gre Ins. Group, 2002 U.S. Dist. LEXIS 1131, *9 (E.D. Cal. 2002); San Chirico v. Merrill Lynch, Pierce, Fenner & Smith, 1999 U.S. Dist. LEXIS 20180, *4 (N.D. Cal. 1999); Careau & Co., 222 Cal.App.3d at 1389-91; Gordon Bldg., 247 Cal.App.2d at 6; Sosin, 210 Cal.App.2d at 264.

*Discussion*

Orlando has sufficiently pled a cause of action for breach of contract. The Court will again assume that Paragraph 2 and Paragraph 9 contain conditions precedent.[5] Defendants's motion is largely based on the premise that Orlando must allege that these conditions have been performed. However, the nonoccurrence of a condition precedent may be excused and the contract enforced under certain circumstances. See Cal. Civ. Code § 1441; Platt Pacific, 6

[5]Given Paragraph 9's use of the term "subject to" and the arguments in the briefs, there appears to be no dispute that Paragraph 9 is a condition precedent. See Rubin v. Fuchs, 1 Cal.3d 50, 53 (1969). In a footnote in her opposition, Orlando states that Paragraph 2's language is insufficient for Paragraph 2 to be classified as a condition precedent. See Opposition at 3 n.1. The Opposition then states that this position is explained at "Section III" of the opposition. Id. However, Section III of the opposition is the general legal standard for Rule 12(b)(6) motions. That Section does not discuss Paragraph 2. Defendants do not address the assertion in this footnote. Since the result of the motion will not change, the Court will assume without deciding that Paragraph 2 is a condition precedent.

Cal.4th at 314; R.J. Kuhl, 13 Cal.App.4th at 1601; Careau & Co., 222 Cal.App.3d at 1389-91; Jacobs, 186 Cal.App.3d at 1418; Sosin, 210 Cal.App.2d at 264; BAJI California Jury Instructions – Civil § 10.81 (Spring 2007 ed.). Impossibility and conduct by the defendant may excuse the failure of a condition precedent. See Cal. Civ. Code § 1441; R.J. Kuhl, 13 Cal.App.4th at 1601; Jacobs, 186 Cal.App.3d at 1418; BAJI § 10.81. With respect to Paragraph 2, Orlando has argued that Defendants and Alarm One acted in bad faith by failing to make good faith efforts to obtain a $200,000 note from lenders. See FAC at ¶ 14. This allegation sufficiently pleads an excuse to the nonoccurrence of Paragraph 2. With respect to Paragraph 9, Orlando pleads that the condition is impossible because there were actually no third party creditors who were legally required to give consent (which was known to Defendants and Alarm One), thus, making it impossible to obtain the consent. See FAC at ¶ 16. Further, Orlando pleads that Defendants and Alarm One made no good faith efforts to obtain consent from necessary third party creditors if such creditors actually do exist. See FAC at ¶ 17. These allegations sufficiently plead an excuse to the nonoccurrence of Paragraph 9. That there is tension between Orlando's theories regarding necessary third party creditors does not affect the FAC since inconsistent and/or alternative pleading is permissible in federal court. See Fed. R. Civ. Pro. 8(e)(2); Oki Am., Inc. v. Microtech Int'l, Inc., 872 F.2d 312, 314 (9th Cir. 1989); Ryan v. Foster & Marshall, Inc., 556 F.2d 460, 463 (9th Cir. 1977).

Defendants's arguments regarding a possible lack of mutual assent and the application of California Civil Code § 1441 if the third party creditors do not actually exist is inadequately developed and unpersuasive. First, by the plain language of California Civil Code § 1441, that section voids impossible conditions precedent; it does not void entire contracts. See Cal. Civ. Code § 1441; Carlisle v. Lady, 109 Cal.App. 567, 571-72 (1930). Second, the FAC alleges that the Defendants had no good faith belief that a third party's consent was actually necessary. See FAC ¶ 17. If the Defendants knew that no such third party existed, then they would also know that the condition was impossible and would be considered void, and yet they still agreed that the case should be settled for the payment of $1.4 million. Without further development from

Defendants, it is unclear how the entire agreement would fail for a lack of mutual assent given the allegation that Defendants, acting in concert with Alarm One, knew that there were no necessary third parties.

Assuming that the allegations in the FAC are true, Orlando has sufficiently alleged that nonoccurrence of conditions precedent have been excused and that Defendants breached the Settlement by refusing to pay.[6] Dismissal of this claim is inappropriate.

**2. Motion to Dismiss Fraud Claim**

*Defendants's Argument*

Defendants argue that a claim of fraud must be pled with particularity and that vague and conclusory allegations are insufficient. The FAC fails to allege the particulars to support a cause of action for fraud because Orlando fails to identify the who, what, where and when of the alleged fraudulent misrepresentations. Orlando fails to identify a specific individual who made a misrepresentation, but instead relies on a general allegation of "agents and attorneys." Orlando further fails to identify when misrepresentations occurred, what was specifically communicated, where the communications took place, and how the representations were false. Orlando's allegations are too vague to meet the applicable pleading standard.

*Plaintiff's Opposition*

Orlando states that the FAC meets Rule 9 requirements because: (1) the "who" is identified as Maltby, Kehoe, and Castoria; (2) the "when" identifies a time frame of July 31 to September 15, 2006; (3) the "where" is at the mediation; and (4) the "what" is Alarm One's financial condition was less than in actuality, third party creditor consents were necessary and that such creditors existed, good faith attempts to obtain consent would be made, and that

---

[6]Carolina is a signatory to the Settlement and the Settlement reads in part, "Defendants (and their insurance carrier Carolina Casualty) shall pay to plaintiff . . . the total sum of $1.4 million . . . ." See FAC Exhibit A. Monitor, however, is not a signatory and the FAC suggests that Monitor's identity as an agent was disclosed or known to Orlando. Since Monitor did not sign the Settlement, it is not clear how Monitor can be held liable for the refusal to pay. Nevertheless, since Monitor did not move for dismissal on this ground, the Court will make no rulings on the issue at this time.

Defendants would pay when they had no intent to perform. The FAC sufficiently pleads fraud.

*Relevant Allegations in the Complaint*

The FAC under the Second Cause of Action (fraud) alleges in part:

> 21. Defendants, Carolina and Monitor acting in concert with Alarm One and as Alarm One's agent by and through their agents and representatives, fraudulently induced Plaintiffs to enter into the aforementioned settlement agreement . . . by, among other things, misrepresenting the financial condition of Alarm One, without actually knowing the true financial condition of Alarm One. In inducing Plaintiff to agree to enter into the settlement agreement as set forth herein and thereby agreeing to accept an amount much less than the aforementioned Judgment, Defendants and Alarm One by and through their agents and representatives, represented that the ability of Alarm One to pay the Judgment was much less than the true ability of Alarm One to pay the Judgment. This was a material misrepresentation of fact which was made by Defendants and Alarm One, acting in concert with each other, in order to induce Plaintiff to enter into the settlement agreement as set forth herein. At the time that Defendants, by and through their agents and attorneys, made such material misrepresentations, they knew such representations to be false or had no reasonable basis to believe them to be true.
>
> . . . . . . .
>
> 23. Defendants, Carolina and Monitor acting in concert with and as agents of Alarm One, also committed a fraud upon Plaintiff by entering into the aforementioned settlement agreement without the intent to perform the terms of the settlement agreement. At the time Defendants and Alarm One entered into the aforementioned settlement agreement, they had no intention of performing the terms of the settlement agreement.
>
> 24. Defendants, acting in concert with and as agents of Alarm One, entered into the settlement agreement not with the intent of performing the terms of the settlement agreement but with the fraudulent intent to gain leverage over Orlando in future settlement negotiations. Furthermore, Defendants Monitor, Carolina Casualty, and Alarm One . . . made material misrepresentations to Orlando by stating that they were under a legal obligation to obtain the approval of an unnamed third party creditor to enter into the settlement agreement. Such statement was a material misrepresentation because Defendants and Alarm One were allowed to enter into the settlement agreement without the approval of such unnamed third party creditor.
>
> 25. Plaintiff is informed and believes and on that basis alleges that Defendants Monitor, and Carolina, acting in concert with Alarm One and as Alarm One's agent, through their representatives, including Peter Maltby, Kerry Kehoe, and Louis Castoria knew that there was no third party from whom consent was required, or lacked a good faith belief that such consent was legally required, and thus affirmatively misrepresented the same to plaintiff with the intention of securing negotiating leverage over Plaintiff and with the intention of avoiding any obligation under the written contract to settle the underlying action for the amount agreed upon.
>
> 26. Following the Defendants breach of the settlement agreement by refusing to abide by its terms, Defendants . . . offered Orlando a settlement that twas significantly less than the settlement set forth in the Exhibit "A", evidencing the

> fact that at the time Defendants entered into the settlement agreement, they did so without the intent to honor the settlement agreement and with the fraudulent intent of gaining negotiating leverage in order to induce Plaintiff to accept a lesser settlement amount later.

Complaint at ¶¶ 21-26.

*Legal Standard*

Under California law, the elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal.4th 979, 990 (2004); Lazar v. Superior Court, 12 Cal.4th 631, 638 (1996). Promissory fraud is a subspecies of fraud and deceit, and where a promise is made without the intention to perform, there is an implied misrepresentation of fact that may be actionable fraud. Lazar, 12 Cal.4th at 638; see also Cal. Civ. Code 1710(4). "An action for promissory fraud may lie where a defendant fraudulently induces the plaintiff to enter into a contract." Lazar, 12 Cal.4th at 638.

Federal Rule of Civil Procedure 9(b) requires that, when averments of fraud are made, the circumstances constituting the alleged fraud must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Fed. R. Civ. Pro. 9(b); Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003); Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001). Thus, allegations of fraud should specifically include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007); Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004); see also Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997) (allegations must identify "the who, what, when, where, and how" of the fraud). "[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." Vess, 317 F.3d at 1106; In re Glenfed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Although a plaintiff may allege a unified course of fraudulent conduct and rely entirely

on that course of conduct as the basis of a claim, the claim will be considered to be grounded in fraud and the pleading of that claim as a whole must satisfy Rule 9(b). In re Daou Sys., 411 F.3d 1106, 1127 (9th Cir. 2005); Vess, 317 F.3d at 1103-04.

In diversity cases, although the substantive elements of fraud are set by state law, those elements must be pled in accordance with the requirements of Rule 9(b). See Vess, 317 F.3d at 1103. Further, the Ninth Circuit has explained:

> A motion to dismiss a complaint or claim 'grounded in fraud' under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim. . . . Because a dismissal of a complaint or claim grounded in fraud for failure to comply with Rule 9(b) has the same consequence as a dismissal under Rule 12(b)(6), dismissals under the two rules are treated in the same manner.

Id. at 1107-08.

*Discussion*

The basis for Defendants's requested dismissal of the fraud claim is that Orlando has not adequately alleged the "who, what, when, and where" of the fraud as required by Rule 9(b). That Rule requires that allegations of fraud include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz, 476 F.3d at 764; see also Cooper, 137 F.3d at 627.

With respect to the account of time, or when, of the fraud, the Settlement was reached on July 31, 2006, during the course of mediation. The attachment to the Settlement containing Paragraph 9, which is part of the July 31 Settlement, is dated July 21, 2006. The fraud alleged is fraudulent inducement and lack of intent to perform. Orlando specifically points out the July 31 and September 15 dates in her opposition, but September 15, 2006, can have nothing to do with inducing Orlando's agreement on July 31, 2006. Since the Settlement is incorporated into the FAC, the FAC reasonably alleges that the fraud occurred between July 21 and July 31, 2006.

With respect to the content, or the what, of the misrepresentations, the FAC alleges that Defendants misrepresented that the consent of a third party creditor was necessary, that a third party creditor actually existed, that they would make good faith attempts to procure the consent of the third party creditor, that Alarm One's financial ability to pay was less than it actually was,

and that their promise to pay was false. See FAC at ¶¶ 10, 21, 23-24. This sufficiently identifies what was misrepresented.

With respect to the circumstances surrounding, or the where of, the fraud, the FAC reasonably indicates that the representations were made during the course of settlement negotiations and/or mediation.

Finally, with respect to the identities of the parties who made the misrepresentations, the FAC identifies Peter Maltby, Kerry Kehoe, and Louis Castoria as agents/representatives who knew that there was no third party from whom consent was required, or lacked a good faith belief that such consent was legally required, yet affirmatively misrepresented the same to Orlando. See FAC at ¶ 25. Additionally, Orlando alleges that the Defendants and Alarm One acted in concert with each other. See id. Since the FAC alleges that Maltby, Kehoe, and Castoria made the misrepresentations, the FAC sufficiently identifies those who made misrepresentations.[7]

In summary, the FAC reasonably alleges that Maltby, Kehoe, and Castoria as agents of Defendants and Alarm One (who were acting in concert together) misrepresented that third party consents were required, a third party creditor existed and good faith efforts would be made to obtain consent, Defendants had no intent to not perform the promise to pay when they entered the Settlement; the misrepresentations by Maltby, Kehoe, and Castoria occurred between July 21 and July 31, 2006; and the misrepresentations occurred during mediation/settlement negotiations. See FAC at ¶¶ 21-26. The FAC's allegations are "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Fed. R. Civ. Pro. 9(b); Vess, 317 F.3d at 1106; Bly-Magee, 236 F.3d at 1019; see also Swartz, 476 F.3d at 764. Dismissal is not appropriate.

---

[7]The FAC only expressly identifies Maltby, Kehoe, and Castoria as individuals who made misrepresentations. The FAC, however, places the modifier "including" in front of these three individuals. See FAC at ¶ 25. Rule 9 requires specificity and use of the term "including" is vague and implies that there are other unnamed individuals who made misrepresentations. Orlando, however, should know who made the misrepresentations that she allegedly relied upon to her detriment. Based on Rule 9's specificity requirement and the allegations in the FAC, representations by Maltby, Kehoe, and Castoria are the only misrepresentations at issue in this case at this time.

**3. Punitive Damages**

*Defendants's Argument*

Citing only state law cases, Defendants argue that the FAC insufficiently alleges punitive damages. Defendants argue that the FAC fails to allege ultimate facts. At a minimum, the FAC must contain sufficient facts to apprise the defendant of the basis upon which Orlando is seeking relief. The FAC does not identify specific conduct by any defendant or how such conduct was oppressive, fraudulent or malicious.

*Plaintiff's Opposition*

Plaintiff argues that Defendants have utilized an improper procedural method to attack the punitive damages claim. Defendants have utilized a Rule 12(b)(6) motion, but the proper motion is a Rule 12(f) motion to strike, which attacks inappropriate damages requests.

However, even if the Rule 12(b)(6) motion against punitive damages is not procedurally defaulted, the FAC properly alleges a fraud claim against Defendants. Since fraud is a basis for imposing punitive damages, the FAC's allegations are sufficient.

*Discussion*

As an initial matter, Defendants's Rule 12(b)(6) challenge to the claim for punitive damages has not been procedurally waived. Orlando cites *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1478 n. 34 (C.D. Cal. 1996) in support of her argument. Note 34 in *Bureerong* states that a motion to strike a part of a prayer is proper when punitive damages "are not recoverable as a matter of law." Here, Defendants do not argue that punitive damages are unavailable as a matter of law. Instead, Defendants challenge the sufficiency of the allegations to support punitive damages. When the sufficiency of the factual allegations supporting punitive damages are challenged, Rule 12(b)(6) is the proper medium. See Parker v. Fidelity Sec. Life Ins. Co., 2006 U.S. Dist. LEXIS 56724, *17 (E.D. Cal. 2006); Paul v. Gomez, 190 F.R.D. 402, 404 (W.D. Va. 2000).

With respect to the merits of Defendants's challenge, the Court agrees with Orlando. Under California law, "where it is proven by clear and convincing evidence that the defendant has been guilty of . . . fraud . . . the plaintiff . . . may recover damages for the sake of example

and by way of punishing the defendant." Cal. Civ. Code § 3294(a). "Fraud means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury." Cal. Civ. Code § 3294(c)(3). Punitive damages are available for cases where a defendant fraudulently induces a plaintiff to enter into a contract. See Reynolds v. Allstate Life Ins. Co., 2006 U.S. Dist. LEXIS 14548, *16 (E.D. Cal. 2006); Cates Construction, Inc. v Talbot Partners, 21 Cal.4th 28, 61 (1999); Walker v. Signal Companies, Inc., 84 Cal.App.3d 982, 996 (1978). As discussed above, the Court has determined that the FAC adequately alleges the "who, what, when, and where" of the alleged fraud. The complaint also alleges that Orlando suffered emotional harm/injury as a result of the fraud and that the fraud was committed in order to impede and prevent Plaintiff's ability and right to recover the state court judgement against Alarm One. See FAC at ¶¶ 28-30. The FAC gives Defendants fair notice of the punitive damages claim and that claim's basis, i.e. fraud. See Sagana, 384 F.3d at 736; cf. Reynolds, 2006 U.S. Dist. LEXIS 14548 at *16. Dismissal of the prayer for punitive damages will be denied.

**CONCLUSION**

Defendants seek dismissal of the FAC on the basis that Orlando failed to allege performance of two conditions precedent, failed to specifically allege fraud, and failed to allege ultimate facts that could support punitive damages. As to the conditions precedent, the non-occurrence of a condition precedent may be excused under certain circumstances. Orlando has not alleged that the two conditions precedent have been performed, but has sufficiently alleged that their non-occurrence has been excused by either impossibility or improper conduct by Defendants, who are alleged to have acted together and in concert with Alarm One. Thus, the FAC sufficiently pleads a breach of contract for Defendants's failure to pay the settlement amount.

As to fraud, the FAC alleges that, between July 21 and July 31, 2006, Maltby, Kehoe, and Castoria stated during mediation/settlement negotiations that a third party creditor was necessary, that a third party creditor actually existed, that Defendants would make good faith attempts to

procure the consent of the third party creditor, that Alarm One's financial ability to pay was less than it actually was, and that Defendants's promise to pay was false. These allegations are sufficiently specific for purposes of Rule 9.

Finally, with respect to punitive damages, the FAC adequately alleges fraud and that Defendants had the intent to deprive Orlando of her right to collect her judgment. Those allegations sufficiently apprise Defendants of the claim for punitive damages and the basis for the claim in fraud.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants's Rule 12(b)(6) motion to dismiss is DENIED; and
2. Defendants are to file a responsive pleading to Plaintiff's First Amended Complaint within ten (10) days of service of this order.

IT IS SO ORDERED.

**Dated: July 26, 2007**

**/s/ Anthony W. Ishii**
UNITED STATES DISTRICT JUDGE