IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET ORLANDO,<br><br>              Plaintiff,<br><br>vs.<br><br>CAROLINA CASUALTY INSURANCE<br>COMPANY, MONITOR LIABILITY<br>MANAGERS, INC., et al.,<br><br>              Defendants. | 1:07-cv-00092-AWI-SMS<br><br>**SCHEDULING CONFERENCE ORDER**<br>**Phase 1 Discovery**<br><br>Telephonic Discovery Status Conf:<br>12/6/07, 9:30am, Ctrm. 7/**SMS**<br><br>Non-Expert Discovery Deadline:<br>1/11/08<br><br>Cross-Motions for Summary<br>Judgment Filing Deadline:<br>1/25/08<br><br>Pre-Trial Conference Date:<br>4/4/08, 8:30am, Ctrm. 2/**AWI**<br><br>Trial Date: 5/12/08, 9:00am,<br>Ctrm. 2/**AWI** (JT ~ 5-10 days) |

1. Date of Scheduling Conference:

    October 4, 2007.

2. Appearances of Counsel:

    Nicholas Wagner, Esq., of Wagner & Jones appeared on behalf of plaintiff.

    Louis H. Castoria, Esq., of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, appeared on behalf of defendants.

1    3.   The Pleadings:

2         A.   Summary of the Pleadings.

3              Plaintiff's Contentions

4              In April 2006, a Fresno County Superior Court jury

5    awarded plaintiff a Judgment against Alarm One, Inc., in the amount

6    of $1.7 million dollars in Orlando v. Alarm One, Inc., et al.,

7    Fresno County Superior Court Case No. CE CG 3545 DSB (the

8    "Underlying Action").  Attorneys fees, interest, and costs were

9    included in the Judgment.  The Judgment with interest currently

10   stands at approximately $2.1 million dollars.  Following the

11   verdict, Alarm One filed an appeal.  The parties then agreed to

12   mediate the matter.

13             Defendants are the liability insurers for Alarm One.

14   Attorneys and claims adjusters for defendants attended and actively

15   participated in the mediation of the Underlying Action held on July

16   31, 2006.

17             At the July mediation, all parties to the Underlying

18   Action and all insurers, including defendants herein, agreed in

19   writing to settle the Underlying Action for $1.4 million dollars.

20             At the mediation, Alarm One thought that it might

21   not be able to legally bind itself to the settlement agreement

22   without the consent of an unnamed, necessary third-party creditor.

23   As such, a sentence was added to an addendum to the settlement

24   agreement that stated the settlement was, "subject to Alarm One

25   obtaining necessary third party consents."  Thus, if Alarm One was

26   indeed legally required to obtain a necessary third-party's consent

27   before entering into the settlement agreement, the settlement

28   required that Alarm One obtained that consent.

1        Following the mediation and the execution of the
2   written settlement agreement by all parties to the Underlying
3   Action, plaintiff's counsel attempted to obtain documentation
4   establishing that indeed Alarm One was required to obtain the
5   necessary third-party consent in order to enter into the settlement
6   agreement.  Alarm One, Carolina Casualty, and Monitor Liability did
7   not produce any such documentation.  Instead, several weeks after
8   the mediation, Alarm One and Carolina Casualty informed plaintiff's
9   counsel that Alarm One was not going to obtain the necessary third-
10  party consent, and informed plaintiff's counsel that if plaintiff
11  still wanted to settle the case, she would have to accept a
12  settlement that was substantially less than what was agreed to by
13  the parties at the July mediation.

14       Feeling as though the "necessary third party
15  consent" clause was a ruse by defendants' counsel and Alarm One in
16  order to obtain leverage to force a lesser settlement, plaintiff's
17  counsel continued to attempt to obtain documentation from Alarm
18  One, Carolina Casualty, and Monitor Liability regarding the
19  identity of the "necessary third party" and any such documentation
20  that purportedly stated that Alarm One could not enter into the
21  settlement agreement without obtaining that necessary third-party's
22  consent.  Despite repeated requests, no such documentation was
23  provided.  Subsequent to the breach of the settlement agreement,
24  defendants demanded that plaintiff settle the case for $800,000.

25       As recently as August 2007, the "necessary third
26  parties" (Alarm One's creditors) gave their consent to the
27  settlement agreement.  Therefore, demand has been made to pay the
28  settlement so that this case can be dismissed.

3

1    Plaintiff's First Amended Complaint includes two (2)

2  causes of action: Breach of Contract and Fraud.  Plaintiff contends

3  that defendants breached the terms of the settlement agreement and

4  knowingly misrepresented material facts before, during, and after

5  mediation to induce plaintiff to enter into a written agreement to

6  settle the Judgment she was awarded, and to gain leverage over

7  plaintiff to force her to accept even less than the compromised

8  amount of her Judgment.  Alarm One has not been made a party to

9  this action.

10                    Defendants' Contentions

11                    This is an action to enforce the terms and

12  conditions of a settlement agreement reached between plaintiff and

13  Alarm One, Carolina Casualty, and Monitor Liability.  Alarm One is

14  not a party to the present action.  That settlement agreement was

15  subject to numerous conditions which remain unsatisfied.

16                    Plaintiff filed the Underlying Action after she and

17  others were spanked while at work at the Fresno office of Alarm

18  One.  Although plaintiff's case was consolidated with another

19  action, entitled Jessica P. Dakin, Kristy Moren, and Crystal

20  Melendez v. Alarm One, Rob Harland, and Dena Domanakis, Fresno

21  County Superior Court Case No. 04 CE CG 01288 DSB, she alone

22  proceeded to trial and verdict after the other plaintiffs settled.

23  After the jury rendered its verdict, Alarm One timely filed a

24  Notice of Appeal from the resulting judgment.  That appeal remains

25  pending in the California Court of Appeal, Fifth District.

26                    Alarm One maintained a certain insurance policy

27  issued by Carolina Casualty.  Plaintiff's claim was adjusted by

28  Monitor Liability, a managing general underwriter for Carolina

4

1   Casualty.  Carolina Casualty, as Alarm One's insurer, paid for
2   counsel to defend Alarm One in the Underlying Action.

3        Plaintiff, Alarm One, and Carolina Casualty (through
4   Monitor Liability) participated at a voluntary mediation on July
5   31, 2006, that was conducted by private Mediator, Jerome Spolter,
6   Esq.  All participants at the mediation signed a Confidentiality
7   Agreement.  At the end of the day, the participants signed a
8   "Stipulation for Settlement" (the "Stipulation").

9        As the Stipulation recites, all parties were
10  represented by counsel.  The Stipulation incorporates the terms of
11  "Attachment A," a faxed memorandum from Alarm One's Boston counsel
12  to plaintiff's counsel, Nicholas "Butch" Wagner, dated July 21,
13  2006, which, among other things, states: "9. <u>Settlement subject to</u>
14  <u>Alarm One obtaining necessary third party consents</u>."  (Emphasis
15  added.)  The secured creditors declined to agree to the Stipulation
16  dated September 18 and 19, 2006, respectively.

17       The July 21, 2006 memorandum **also stated** that as
18  part of the settlement proposal then being made, Alarm One would
19  give a "$200,000 subordinated note ("<u>form and substance</u>
20  <u>satisfactory to lenders</u>") payable over 4 years in equal monthly
21  installments.  The note was to accrue interest at "10% per annum,
22  to be paid monthly in arrears."  (Emphasis added.)  To date, the
23  necessary third-party consents and the lenders' approvals of the
24  subordinated note have never been obtained.

25       The Stipulation was also <u>expressly subject to other</u>
26  <u>conditions precedent as contained in a separate Confidential</u>
27  <u>Agreement between Alarm One and Carolina Casualty</u>.  The Stipulation
28  begins, in relevant part:

1              "1. $1.25 million up front, to be paid within

2              15 days of the complete execution of all the

3              documents described below, a confidential

4              agreement between Alarm One and the insurance

5              company, and a more formal settlement agreement

6              that will incorporate these terms and contain

7              other clauses typically included in settlement

8              agreements governed by California law.  The

9              settlement agreement and all releases described

10            below will include a waiver of California Civil

11            Code section 1542."

12 None of those conditions have been satisfied and, thus, the

13 Stipulation is not enforceable.  Defendants therefore have not

14 breached the Stipulation.

15          On August 31, 2007 (over one year after the

16 mediation was conducted), plaintiff advised that she had obtained

17 certain lender consents to the Stipulation, and contended that the

18 Stipulation was "enforceable."  This is simply not the case.  While

19 it appears that two of Alarm One's secured creditors executed some

20 type of an agreement with plaintiff long *after* this present action

21 was filed (agreements which defendants contend is illusory), the

22 same two creditors, through their counsel, expressly refused their

23 consent.  Plaintiff has not established that these were the only

24 "necessary third parties," and taken in context of the entire

25 Stipulation it is clear that several conditions precedent remain

26 unfulfilled.  As such, defendants have not breached the Stipulation

27 and plaintiff's claims lack merit.

28 //

6

1

<u>Procedural History</u>

2          On November 15, 2006, plaintiff filed the instant

3 complaint against defendants in Fresno County Superior Court.  On

4 January 17, 2007, defendants removed the action to the United

5 States District Court for the Eastern District of California,

6 Fresno Division.  On January 22, 2007, Carolina Casualty filed a

7 motion to dismiss and motion to strike plaintiff's Complaint

8 because she failed to allege that two conditions precedent to the

9 settlement agreement were ever fulfilled; failed to allege facts

10 supporting her fraud claims with any substantive specificity; and,

11 completely failed to demonstrate any conduct which could arguably

12 give rise to the imposition of punitive damages.  On March 13,

13 2007, this Court granted defendants' motion to dismiss with leave

14 to amend on the basis that plaintiff (1) failed to allege the

15 satisfaction or performance of conditions precedent to the

16 enforcement of the Settlement Agreement; and, (2) failed to plead

17 with the requisite factual specificity any substantive support for

18 her fraud cause of action.

19          On April 2, 2007, plaintiff filed her First Amended

20 Complaint ("FAC") alleging the same two causes of action, breach of

21 contract and fraud, and seeking an award of punitive damages.  On

22 April 11, 2007, defendants filed another motion to dismiss and, on

23 July 26, 2007, this Court denied defendants' motion.  On August 8,

24 2007, defendants timely filed their Answer to plaintiff's

25 Complaint.

26          B.   Orders Re: Amendment of Pleadings.

27          Subject to discovery, the parties do not contemplate

28 filing any further amendments to the pleadings at this time.

4.   Factual Summary:

    A.   Plaintiff's Uncontested Facts.

    (1)   On December 13, 2004, plaintiff filed a complaint against Alarm One in Fresno County Superior Court, Case No. CE CG 3545 DSB, alleging, among other things, sexual harassment and battery arising out of her employment with Alarm One.

    (2)   Plaintiff's action, entitled *Orlando v. Alarm One, Inc. et al.*, Fresno County Superior Court Case No. CE CG 3545 DSB, was consolidated with another case entitled *Jessica P. Dakin, Kristy Moren, and Crystal Melendez v. Alarm One, Rob Harland, and Dena Domanakis*, Fresno County Superior Court Case No. 04 CE CG 01288 DSB.

    (3)   Defendants settled with plaintiffs Dakin, Moren, and Melendez prior to trial.  Plaintiff's claim was not settled.

    (4)   Following trial in the Underlying Action, the jury returned a verdict awarding plaintiff $1,490,000, consisting of $490,000 in compensatory damages and $1 million in punitive damages as against Alarm One.  Approximately $200,000 in attorneys fees was also awarded.

    (5)   Judgment in the Underlying Action was entered on May 9, 2006.

    (6)   As to Alarm One, the Superior Court awarded plaintiff attorneys' fees, costs, and post-judgment interest, thereby increasing the Judgment to over $1.7 million against Alarm One.

    (7)   During the period that plaintiff was employed by Alarm One, Carolina Casualty insured Alarm One under a Management Liability Insurance Policy, number 6353324/1.

8

1    (8)   Pursuant to such policy of insurance, Carolina
2    Casualty defend non-party Alarm One, and several individual
3    defendants employed by Alarm One, under a written Reservation of
4    Rights in the Underlying Action.

5    (9)   Monitor Liability was retained by Carolina
6    Casualty to administer and adjust the claims made by plaintiff and
7    the other plaintiffs against Alarm One in the Underlying Action.

8    (10) Monitor Liability is the agent of Carolina
9    Casualty.

10    (11) In addition to defending Alarm One in the
11    Underlying Action, Carolina Casualty conducted settlement
12    negotiations on behalf of Alarm One and paid to settle Kristy Moen,
13    Jessica Dakin, and Crystal Melendez's claims against Alarm One.

14    (12) Following the entry of Judgment for plaintiff
15    in the Underlying Action, Alarm One timely filed a Notice of Appeal.

16    (13) On July 31, 2006, pending appeal in the
17    Underlying Action (Case No. 04 CE CG 03545), the parties and Alarm
18    One attended a mediation and, at the conclusion of the mediation,
19    signed a stipulation to settle the judgment and all claims that
20    plaintiff had against Carolina Casualty, Monitor Liability, and
21    Alarm One.

22    (14) The parties agreed to settle for the sum of
23    $1.4 million, subject to several contingencies, as referenced in
24    the Stipulation.

25    (15) On or about September 15, 2006, defendants (and
26    non-party Alarm One) informed plaintiff that the money owed to
27    plaintiff pursuant to the Stipulation would not be paid because
28    conditions to the Stipulation had not been met.

9

1               (16) Defendants (and non-party Alarm One)

2  subsequently offered to settle with plaintiff for a lesser amount

3  than that set forth and agreed to in the Settlement Agreement.

4               (17) In August 2007, the necessary third-party

5  creditors gave their consent to the Stipulation, but did not

6  authorize any payment by Alarm One toward the settlement.

7        B.   Plaintiff's Contested Facts.

8           (1)  All other facts.

9        C.   Defendants' Uncontested Facts.

10          (1)  Plaintiff filed *Orlando v. Alarm One, Inc., et*

11  *al.*, Fresno County Superior Court Case No. CE CG 3545 DSB, the

12  Underlying Action, after she and others were spanked while at work

13  at the Fresno office of Alarm One.  Plaintiff's case was

14  consolidated with *Jessica P. Dakin, Kristy Moren, and Crystal*

15  *Melendez v. Alarm One, Rob Harland, and Dena Domanakis*, Fresno

16  County Superior Court Case No. 04 CE CG 01288 DSB.

17          (2)  Defendants settled with defendants [sic] in

18  *Jessica P. Dakin, Kristy Moren, and Crystal Melendez v. Alarm One,*

19  *Rob Harland, and Dena Domanakis*, Fresno County Superior Court Case

20  No. 04 CE CG 01288 DSB.

21          (3)  Plaintiff proceeded to trial in *Orlando v.*

22  *Alarm One, Inc., et al.*, Fresno County Superior Court Case No. CE

23  CG 3545 DSB, and a jury verdict was returned in plaintiff's favor.

24          (4)  Alarm One timely filed a Notice of Appeal from

25  the resulting judgment, which remains pending in the California

26  Court of Appeal, Fifth District.

27          (5)  Alarm One maintained a certain insurance policy

28  issued by Carolina Casualty.  Plaintiff's claim was adjusted by

1  Monitor Liability, a managing general underwriter for Carolina

2  Casualty.  Carolina Casualty, as Alarm One's insurer, paid for

3  counsel to defend Alarm One in the Underlying Action.

4           (6)  Plaintiff, Alarm One, and Carolina Casualty

5  (through Monitor Liability) participated at a voluntary mediation

6  on July 31, 2006, that was conducted by private Mediator, Jerome

7  Spolter, Esq.  At the end of the mediation, the participants signed

8  a "Stipulation for Settlement".  Expressly incorporated into the

9  Stipulation for Settlement was a faxed memorandum, dated July 21,

10  2006, that stated the settlement was subject to Alarm One obtaining

11  the necessary third-party consents.  The memo also stated that, as

12  part of the settlement proposal then being made, Alarm One would

13  give a $200,000 subordinated note, the form and substance of which

14  had to satisfy Alarm One's lenders.

15           (7)  The Stipulation for Settlement was also

16  expressly subject to a confidential agreement being reached between

17  Alarm One and Carolina Casualty concerning how the settlement was

18  to be funded, i.e., the sale of certain of Alarm One's assets to

19  fund its cash portion of the settlement.  Pursuant to this Alarm

20  One/Carolina confidentiality agreement, Alarm One was required to

21  meet certain conditions before the Stipulation became enforceable,

22  none of which have been satisfied.

23           (8)  The necessary third-party consents and the

24  lenders' approvals of Alarm One's $200,000 subordinate note have

25  never been obtained.

26           (9)  The secured creditors have not agreed to the sale

27  of any of Alarm One's assets, a necessary condition to the agreement.

28  The creditors expressly objected to any sale of Alarm One's assets.

11

1              D.    Defendants' Contested Facts.

2                    (1)  All other facts.

3        5.    Legal Issues:

4              A.    Uncontested.

5                    (1)  All defendants have been served.

6                    (2)  Venue is proper and rests on 28 U.S.C. § 1441.

7                    (3)  Jurisdiction rests on diversity of citizenship,

8    28 U.S.C. § 1332.

9              B.    Contested.

10                    (1)  All other material legal issues.

11       6.    Consent to Magistrate Judge Jurisdiction:

12            This case will not be assigned for all purposes,

13   including trial, to the Honorable Sandra M. Snyder, United States

14   Magistrate Judge, as all parties do not so consent at this time.

15       7.    Discovery Plan and Cut-Off Dates:

16            A.    Pursuant to F.R.Civ.P.26(b), and except as the court

17   may order after a showing of good cause, the "(p)arties may obtain

18   discovery regarding any matter, not privileged, that is relevant to

19   the claim or defense of any other party."

20            B.    Unless otherwise stipulated between the parties or

21   ordered by the court pursuant to F.R.Civ.P.26(b)(2), discovery

22   shall be limited as follows:

23                  (1)  Depositions:

24                        a.   Each side may take no more than ten (10)

25   depositions.[1]

26   //

27

28       [1] Counsel have stipulated to a total of five (5) depositions per side for Phase 1 of discovery.

1            b.    A deposition shall be limited to one (1)

2    day of seven (7) hours.  F.R.Civ.P.30(d).[2]

3            C.    The parties are ordered to complete all discovery

4    pertaining to non-experts on or before January 11, 2008.

5        8.    Pre-Trial Motion Schedule:

6            Cross-Motions for Summary Judgment shall be filed on or

7    before January 25, 2008, and are heard on Mondays at 1:30 p.m. in

8    Courtroom No. 2 on the Eighth Floor before the Honorable Anthony W.

9    Ishii, United States District Judge.  In scheduling such motions,

10   counsel shall comply with **Local Rule 78-230**.

11       9.    Pre-Trial Conference Date:

12           April 4, 2008 at 8:30 a.m. in Courtroom No. 2 on the

13   Eighth Floor before the Honorable Anthony W. Ishii, United States

14   District Judge.

15           Ten (10) days prior to the Pretrial Conference, the

16   parties shall exchange the disclosures required pursuant to

17   F.R.Civ.P. 26(a)(3).

18           The parties are ordered to file a **JOINT Pretrial**

19   **Statement pursuant to Local Rule 16-281(a)(2)**.  The parties are

20   further ordered to submit a digital copy of their Joint Pretrial

21   Statement in WordPerfect X3[3] format to Judge Ishii's chambers by

22   e-mail to AWIOrders@caed.uscourts.gov.

23           Counsels' attention is directed to **Rules 16-281 and 16-**

24   **282 of the Local Rules** of Practice for the Eastern District of

25

26   _____

27       [2] Counsel have stipulated that each deposition will only take a total of no more than four (4) hours.

28       [3] If WordPerfect X3 is not available to the parties, then the latest version of WordPerfect, or any other word processing program in general use for IBM compatible personal computers, is acceptable.

California as to the obligations of counsel in preparing for the Pre-Trial Conference. **The Court will insist upon strict compliance with those Rules**.

 10. Trial Date:

 May 12, 2008 at 9:00 a.m. in Courtroom No. 2 on the Eighth Floor before the Honorable Anthony W. Ishii, United States District Judge.

 A. This is a jury trial.

 B. Counsels' Estimate of Trial Time:

 5-10 days.

 C. Counsels' attention is directed to **Rule 16-285 of the Local Rules** of Practice for the Eastern District of California.

 11. Settlement Conference:

 Should the parties desire a Settlement Conference, they will jointly request one of the Court, and one will be arranged. In making such a request, the parties are directed to notify the Court as to whether or not they desire the undersigned to conduct the Settlement Conference or to arrange for one before another judicial officer.

 12. Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial:

 Not applicable at this time.

 13. Related Matters Pending:

 There are no pending related matters.

 14. Compliance with Federal Procedure:

 The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California. To aid the Court in the efficient

14

administration of this case, all counsel are expected to familiarize themselves with these Rules, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing caseload. Sanctions will be imposed for failure to follow the Rules as provided in both the Fed.R.Civ.P. and the Local Rules.

     15.  Compliance with Electronic Filing Requirement:

          On January 3, 2005, the United States District Court for the Eastern District of California became an electronic case management/filing district (CM/ECF).  Unless excused by the Court, or by Local Rule, attorneys shall file all documents electronically as of **January 3, 2005** in all actions pending before the court. While Pro Se Litigants are exempt from this requirement, the court will scan in all documents filed by pro se litigants, and the official court record in all cases will be electronic.  Attorneys are required to file electronically in pro se cases.  More information regarding the Court's implementation of CM/ECF can be found on the court's web site at www.caed.uscourts.gov, including the Court's Amended Local Rules effective January 3, 2005, the Court's CM/ECF Final Procedures, and the Court's CM/ECF User's Manual.

          While the Clerk's Office will not refuse to file a proffered paper document, the Clerk's Office will scan it and, if improperly filed, notify the Court that the document was filed in an improper format.  An order to show cause (OSC) may be issued in appropriate cases regarding an attorney's disregard for the requirement to utilize electronic filing, or other violations of these electronic filing procedures.  See L.R. 11-110, 5-133(d)(3).

1    If counsel has not already done so, counsel **must** register

2  for CM/ECF as soon as possible.  On-line registration is available

3  at www.caed.uscourts.gov.  Once registered, counsel will receive a

4  login and password in approximately one (1) week.  Counsel must be

5  registered to file documents on-line.  See L.R. 5-135(g).  Counsel

6  are responsible for knowing the rules governing electronic filing

7  in the Eastern District.  Please review the Court's Local Rules

8  effective January 3, 2005, available on the Court's web site.

9    16.  Effect of this Order:

10   The foregoing Order represents the best estimate of the

11  Court and counsel as to the agenda most suitable to bring this case

12  to resolution.  The trial date reserved is specifically reserved

13  for this case.  If the parties determine at any time that the

14  schedule outlined in this Order cannot be met, counsel are ordered

15  to notify the Court *immediately* so that adjustments may be made,

16  either by stipulation or by subsequent status conference.

17   Stipulations extending the deadlines contained herein

18  will not be considered unless they are accompanied by affidavits or

19  declarations and, where appropriate, attached exhibits which

20  establish good cause for granting the relief requested.

21   **FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT IN THE**

22  **IMPOSITION OF SANCTIONS.**

23  IT IS SO ORDERED.

24  **Dated:    October 16, 2007**                    **/s/ Sandra M. Snyder**
                                          UNITED STATES MAGISTRATE JUDGE

25

26

27

28

16