IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET ORLANDO,<br><br>            Plaintiff,<br>    v.<br><br>CAROLINA CASUALTY INSURANCE COMPANY, et al.,<br><br>            Defendants. | CIV F 07-0092 AWI SMS<br><br>ORDER ON DEFENDANTS' RULE 56(f) REQUEST FOR CONTINUANCE, VACATING MARCH 3, 2008, HEARING DATE, AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

      Currently pending before the Court is Plaintiff's motion for summary judgment and Defendants' Rule 56(f) request for continuance. Both parties have filed declarations regarding Defendants' Rule 56(f) request. Hearing on the motion for summary judgment is set for March 3, 2008. The October 17, 2007, scheduling order set trial for May 12, 2008, and set the non-expert discovery cut-off for January 11, 2008. Plaintiff was allowed to amend her complaint to add Alarm One as a defendant on December 11, 2007.

      Defendants argue that Plaintiff's motion is premature since a new defendant, Alarm One, has only recently been served, but has yet to answer. Defendants further argue that they have propounded discovery to Plaintiff, need to take Plaintiff's deposition, and will need to conduct discovery with respect to Alarm One. Without this discovery, Defendants maintain that they cannot intelligently defend against Plaintiff's motion. Finally, Defendants argue that, when

Alarm One was added, they perhaps mistakenly believed that a new scheduling order would be entered, including new dates for dispositive motions and discovery. Based on that understanding, Defendants propounded discovery on Plaintiffs on January 25, 2008. Further, Plaintiff herself propounded discovery on January 16, 2008, and has outstanding depositions of Defendants which are scheduled to occur out of state.

Plaintiff argues that Defendants have conducted no timely discovery, even though they had the opportunity to do so, and had indicated that little discovery was necessary. Defendants' request should denied as no additional discovery is needed.

The scheduling order in this case set the discovery cut-off date for January 11, 2008. Prior to January 11, 2008, it does not appear that Defendants conducted any discovery, even though Defendants are expected to do so in a diligent manner. A party's failure to diligently pursue discovery is an accepted ground for denying a Rule 56(f) motion. See <u>Nidds v. Schindler Elevator Corp.</u>, 113 F.3d 912, 921 (9th Cir. 1996). Nevertheless, Plaintiff only recently added Alarm One to this case. Given Alarm One's role in the events leading up to this lawsuit, it is unclear why Alarm One has only now been added. Irrespective, since Alarm One has been added, a new scheduling order, including a new trial date, will have to be entered. Additionally, the Court finds it significant that both sides have propounded discovery after January 11, 2008. This indicates that the facts have not been properly developed, additional discovery is needed, and the parties may have been anticipating a new scheduling order in light of the addition of Alarm One. In light of these considerations, the Court will grant Defendants's Rule 56(f) motion.[1]

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendants' Rule 56(f) motion is GRANTED in part;

---

[1] The Court will not grant Defendants' request for an additional 90 days of discovery. That will be a question for the Magistrate Judge as part of the new case management conference.

2.   The March 3, 2008, hearing is VACATED;

3.   Plaintiff's motion for summary judgment is DENIED, without prejudice, as premature; and

4.   Once Alarm One appears, the parties will go forthwith before the Magistrate Judge to set additional discovery deadlines as part of the new case management conference.

IT IS SO ORDERED.

**Dated:   February 13, 2008**                             /s/ Anthony W. Ishii
                                                            UNITED STATES DISTRICT JUDGE