IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET ORLANDO, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> CAROLINA CASUALTY INSURANCE ) <br> COMPANY, MONITOR LIABILITY ) <br> MANAGERS, INC., ALARM ONE, INC.,) <br> and DOES 1 through 20, inclusive, ) <br> ) <br> Defendants. ) <br> _____ ) | 1:07cv92 AWI SMS <br><br> ORDER REMANDING CASE <br> TO THE FRESNO COUNTY <br> SUPERIOR COURT |

 This case was removed from the Fresno County Superior Court. Removal was based on diversity and, at the time of removal, only Carolina Casualty and Monitor Liability were named defendants. See Court's Docket Doc. Nos. 1, 4. In the notice of removal, it is alleged that Plaintiff is a citizen of California. See id. at Doc. No. 1. The notice of removal does not discuss the citizenship of Alarm One. See id. Plaintiff was allowed to amend her complaint, and in December 2007 she added as a defendant Alarm One, Inc. See id. at Doc. Nos. 48, 52, 53. In the amended complaint, Plaintiff did not allege the citizenship of Alarm One, but merely alleged that Alarm One was doing business in California. See id. at Doc. No. 53. Alarm One filed its answer on February 19, 2008. See id. at Doc. No. 67.

 On December 12, 2008, this Court requested emergency briefing from defendants regarding the citizenship of Alarm One for purposes of 28 U.S.C. § 1447. See id. at Doc. No. 143.

1  On December 17, 2008, Alarm One filed the requested briefing.  Peter Maltby, the
2 founder and former president of Alarm One, declares that:  Alarm One has been a registered
3 Illinois corporation since February 1998, Alarm One's principal place of business (and
4 headquarters) from 1999 through September 2008 was in California, that in September 2008
5 Alarm One ceased doing business and closed its Anaheim headquarters, and that Maltby now
6 handles Alarm One's remaining corporate matters from Utah.  See Maltby Declaration at ¶¶ 1-5.
7 Alarm One concedes that it was a citizen of California at the time Plaintiff amended her
8 complaint and Alarm One answered.  See Court's Docket Doc. No. 144.

9  A corporation is a citizen of its place of incorporation and its primary place of business.
10 Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 306 (2006); Industrial Tectonics, Inc. v. Aero
11 Alloy, 912 F.2d 1090, 1092-94 (9th Cir. 1990).  Based on Maltby's declaration, at the time
12 Alarm One was added to this case, it was a citizen of Illinois and California.  Diversity
13 jurisdiction in this case is based on Orlando being a California citizen, Carolina Casualty a
14 Florida citizen, and Monitor Liability a Delaware and Illinois citizen.  See Court's Docket Doc.
15 No. 1.

16  28 U.S.C. § 1447(e) reads: "If after removal the plaintiff seeks to join additional
17 defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder
18 or permit joinder and remand the action to the State court."  If diversity is the only basis for a
19 district court's subject matter jurisdiction in a removed case, the joinder of a non-diverse
20 defendant divests the district court of jurisdiction.  Morris v. Princess Cruises, Inc., 236 F.3d
21 1061, 1068 (9th Cir. 2001).  In a case where the district court allowed the joinder of a non-
22 diverse defendant in a removed case, the Ninth Circuit explained:

> . . . once the non-diverse defendants were joined remand became mandatory.  This is precisely the point of § 1447(e).  It requires a district court either to deny joinder of non-diverse defendants or to permit joinder and remand the case to state court.  A district court may not allow joinder and retain jurisdiction.

Stevens v. Brink's Home Security, Inc., 378 F.3d 944, 949 (9th Cir. 2004).

 Plaintiff's amended complaint added a citizen of California as a defendant in this lawsuit.
Since the Court's subject matter jurisdiction is based on diversity only, the Court is divested of

jurisdiction, see Morris, 236 F.3d at 1068, and is under a mandatory duty to remand this case to the Fresno County Superior Court through application of 28 U.S.C. § 1447(e).  Stevens, 378 F.3d at 949.

Accordingly, IT IS HEREBY ORDERED that:

1. This case is REMANDED forthwith to the Superior Court of Fresno County in accordance with 28 U.S.C. § 1447(e);
2. The currently pending motions for summary judgment are denied without prejudice in light of the remand; and
3. All currently set trial and pre-trial dates are VACATED in light of the remand.

IT IS SO ORDERED.

**Dated:  December 17, 2008**              **/s/ Anthony W. Ishii**
                                           CHIEF UNITED STATES DISTRICT JUDGE